# UNITED STATES DISTRICT COURT
# FOR WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

### *ELECTRONICALLY FILED*

| | |
|---|---|
| BETHANY BYRD, Individually and On Behalf of All Others Similarly Situated, <br><br> -and- <br><br> TAYLOR BROOKS, Individually and On Behalf of All Others Similarly Situated <br><br>       **PLAINTIFFS** <br><br> v. <br><br> PROGRESSIVE DIRECT INSURANCE COMPANY <br> 6300 Wilson Mills Road <br> W33 <br> Cleveland, OH 44143-2182 <br><br>     Serve: CT Corporation System <br>           306 West Main Street <br>           Suite 512 <br>           Frankfort, KY 40601 <br><br> -and- <br><br> PROGRESSIVE CASUALTY INSURANCE COMPANY <br> 6300 Wilson Mills Road <br> W33 <br> Cleveland, OH 44143-2182 <br><br>     Serve: CT Corporation System <br>           306 West Main Street <br>           Suite 512 <br>           Frankfort, KY 40601 <br><br>       **DEFENDANTS** | Civil Action No.  3:20-CV-119-JRW |

## **COMPLAINT**

Plaintiffs Bethany Byrd and Taylor Brooks ("Plaintiffs"), individually and on behalf of all others similarly situated, state and allege as follows.

## **INTRODUCTION**

1. This is an action against multiple Progressive Insurance Group companies (collectively "Progressive"), each of whom are licensed Kentucky property and casualty insurers, for their unlawful and identical practices of relying upon paper reviews as a basis to reduce and deny owed personal injury protection benefits to their insureds. This practice, which is unlawful under the Kentucky Motor Vehicle Reparations Act, has resulted in millions of dollars in benefits going unpaid without reasonable foundation. This action, in seeking redress for Progressive's conduct, requests relief compelling Progressive to pay these owed benefits, as well as the interest and attorney fees mandated under KRS 304.39. Given the large number of affected Kentucky Progressive insured claimants and the common course of Progressive's conduct, the Plaintiffs herein bring this action on behalf of a putative class of all Kentucky Progressive insured claimants who have had payment of their PIP benefits denied by Progressive on the basis of a paper review.

## **PARTIES**

2. Progressive Direct Insurance Company ("Progressive Direct") is an Ohio domiciled insurer authorized to do business in the Commonwealth of Kentucky. Its statutory home office is located at 6300 Wilson Mills Road, W33, Cleveland, OH 44143-2182. Its registered agent for process is CT Corporation System, located at 306 West Main Street, Suite 512, Frankfort, KY 40601.

3. Progressive Casualty Insurance Company ("Progressive Casualty") is an Ohio domiciled insurer authorized to do business in the Commonwealth of Kentucky. Its statutory home office is located at 6300 Wilson Mills Road, W33, Cleveland, OH 44143-2182. Its registered agent for process is CT Corporation System, located at 306 West Main Street, Suite 512, Frankfort, KY 40601.

4. Plaintiff Bethany Byrd resides in the Western District of Kentucky. She met the definition of an insured with Progressive Direct for PIP benefits arising out of an October 15, 2014 auto accident.

5. Plaintiff Taylor Brooks resides in the Western District of Kentucky. She met the definition of an insured with Progressive Casualty for PIP benefits arising out of a May 28, 2017 auto accident.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(d) because this is a class action with diversity of citizenship between parties and the matter in controversy exceeds $5,000,000.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

8. The Kentucky Motor Vehicle Reparations Act is codified in KRS §304.39.

9. The MVRA provides the following description of its policy and purpose:

   a. To require owners, registrants and operators of motor vehicles in the Commonwealth to procure insurance covering basic reparation benefits and legal liability arising out of ownership, operation or use of such motor vehicles;

    b. To provide prompt payment to victims of motor vehicle accidents without regard to whose negligence caused the accident in order to eliminate the inequities which fault-determination has created;

    c. To encourage prompt medical treatment and rehabilitation of the motor vehicle accident victim by providing for prompt payment of needed medical care and rehabilitation;

    d. To permit more liberal wage loss and medical benefits by allowing claims for intangible loss only when their determination is reasonable and appropriate;

    e. To reduce the need to resort to bargaining and litigation through a system which can pay victims of motor vehicle accidents without the delay, expense, aggravation, inconvenience, inequities and uncertainties of the liability system;

    f. To help guarantee the continued availability of motor vehicle insurance at reasonable prices by a more efficient, economical and equitable system of motor vehicle accident reparations;

    g. To create an insurance system which can more adequately be regulated; and

    h. To correct the inadequacies of the present reparation system, recognizing that it was devised and our present Constitution adopted prior to the development of the internal combustion motor vehicle.

10. The purpose of the MVRA is to provide qualifying insureds with prompt medical treatment and rehabilitation following injury accidents.

11. Under the MVRA, an insured's medical bills and treatment submitted for payment under PIP benefits are presumed to be reasonable.

12. In fact, the MVRA specifically provides that "[t]here shall be a presumption that any medical bill submitted is reasonable."

13. The MVRA provides the exclusive remedies for insurers seeking to dispute an insured's claim for no-fault benefits.

14. An insurer may not impose additional preconditions to payment of no-fault benefits above and beyond those set forth within the MVRA.

15. Because the medical bills submitted to the PIP carriers are presumed to be reasonable, in order to rebut the presumption an action must be filed with the courts - and the insurers are required to present evidence to rebut said presumption.

16. Because the bills are presumed reasonable, this prevents the PIP carriers from unilaterally denying medical treatment or bills based upon a paper review of the medical record.

17. A PIP carrier, by denying medical treatment or bills on the basis of a paper review, violates the intent and purpose of the MVRA.

18. A PIP carrier's reduction or denial of payment of a claimant's medical treatment based on a paper review of the medical record after the treatment had been rendered as inconsistent with subsections 2, 3, 5 and 7 of KRS 304.39-010's statement of policy and purpose as all these subsections are concerned with making sure injured victims get prompt medical treatment and rehabilitation with prompt payment and simplified procedures.

19. Thus, a paper review of a Kentucky PIP claim is an impermissible and

unlawful procedure for terminating, denying, or reducing payment of an insured's PIP benefits pursuant to the Kentucky Motor Vehicle Reparations Act.

20. At all times relevant herein, Progressive knew or should have known that an insurer's reliance upon a paper review as the basis to deny Kentucky PIP benefits was unlawful.

21. In fact, Progressive underwent a market conduct examination in which the company's activities in Kentucky throughout the year 2012 were comprehensively reviewed by the Kentucky Department of Insurance. Each of the Progressive entities which underwrote property and casualty business in Kentucky (including both Progressive Direct and Progressive Casualty) throughout this reviewed time frame were heavily criticized for their underwriting and claims handling processes. Progressive ultimately agreed to pay a substantial fine for conceded conduct, including but not limited to:

   a. Destruction of letters and notifications to policyholders;
   b. Using several unlicensed and unappointed producers to solicit insurance applications;
   c. Using unlicensed adjusters to adjust claims;
   d. Failing to advise policyholders when policies were non-renewed;
   e. **Failing to pay PIP claims within 30 days from the date Progressive received reasonable proof of the medical fact in violation of KRS 304.39-210(1); and**
   f. **Reducing PIP benefits without proper documentation of negotiation in violation of KRS 304.39-245 and KRS 304.39-250[1].**

---

[1] See Exhibits A and B: Market Conduct Exam and Agreed Order.

22. Progressive consented to corrective action on PIP claim payments as part of its Agreed Order with the DOI.

23. However, even after receiving notice from the DOI that bills were to paid within 30 days of proof of loss and that corrective action was necessary, Progressive continued to utilize the process of obtaining paper reviews, either through retained vendors or directly through peer reviewers, for the purpose of reducing or denying PIP benefits to insureds.

24. Many of the paper reviews were nothing more than cut and paste jobs from the paper reviewers; the Progressive claims handler would ask the same questions for each review and the reviewer would in turn respond with answers which were either identical or substantially similar for all.[2]

25. Essentially, by paying a paper reviewer $275 to say the same or similar things on nearly all reviewed claims, Progressive was in turn unlawfully relying upon these cut and paste letters to deny thousands of dollars of owed bills on each reviewed claim.

26. In addition to Progressive's reliance upon paper reviews as a basis to deny claims, the insurer also instituted a process of unilaterally reducing submitted medical bills and offering the arbitrarily reduced amount to a provider on a "take it or leave it" basis.

27. Each of the named Plaintiffs had, within their PIP claims, some or all of their medical bills and treatment denied by Progressive due to the findings of a paper review.

28. On October 15, 2014 Bethany Byrd was involved in an auto accident.

29. Bethany received medical treatment for injuries arising out of the accident.

---

[2] See Exhibit C, redacted examples of numerous paper reviews obtained by Progressive and used to deny payments of benefits.

7

30. Bethany was an insured for personal injury protection benefits from Progressive Direct for covered losses arising out of the accident.

31. Progressive Direct submitted materials from Bethany's claim for a paper review, which was conducted by a Frankfort, Kentucky chiropractor named Michael Hillyer.

32. Relying upon the paper review of Hillyer, Progressive Direct denied payment of more than $2,000 of Bethany's benefits.

33. Progressive Direct never filed an action in court to petition for an independent medical examination of Bethany.

34. Hillyer never personally examined Byrd.

35. Progressive Direct, upon information and belief, has still not paid the benefits which were denied on the basis of the paper review, has not paid statutory interest to Bethany and has not paid statutory attorney fees to Bethany.

36. On May 28, 2017 Taylor Brooks was injured in an auto accident.

37. Taylor received medical treatment for injuries arising out of the accident.

38. Taylor was an insured for personal injury protection benefits from Progressive Casualty for covered losses arising out of the accident.

39. Progressive Casualty submitted materials from Taylor's claim file for a paper review.

40. Relying upon the paper review, Progressive Casualty denied payment of Taylor's benefits.

41. The peer reviewer never personally examined Taylor.

42. Progressive Casualty never petitioned a court for an independent medical

8

examination of Taylor.

43. Progressive Casualty, upon information and belief, did not timely pay the full amount of benefits owed on Taylor's behalf, did not pay statutory interest to Taylor and did not pay statutory attorney fees.

## **CLASS ALLEGATIONS**

44. Plaintiffs bring this case as a class action under Rule 23 both individually and as representatives of the following persons:

All individuals who, at any time since February 12, 2005:

- Had payment of their Kentucky PIP benefits reduced or denied under an auto policy issued by Progressive Direct or Progressive Casualty due to the findings of a paper review and who did not subsequently receive payment of the benefits, plus18 percent interest and attorney fees.

"Paper review" for purposes of this class definition means a records review relied upon by Progressive as a basis for denying or reducing medical bills or other elements of loss for payment under PIP coverage benefits.

"Progressive" for purposes of the class allegations means both named Defendants (Progressive Direct and Progressive Casualty).

45. Excluded from the putative class are the Defendants, any entity in which a Defendant has a controlling interest, any of the officers, directors, or employees of the Defendants, the legal representatives, heirs, successors, and assigns of the Defendants, anyone employed with Plaintiffs' counsel's firms, and any Judge to whom this case is assigned, along with his or her immediate family.

## **GENERAL CLASS ALLEGATIONS**

46. The putative class satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action under Rule 23.

47. The putative class is expected to exceed 500 members.

48. The Plaintiffs satisfy the commonality requirements of Rule 23(a). They both allege that Progressive engaged in the same conduct for each putative class member; Progressive relied upon a paper review as the basis to reduce or deny each putative class member's medical bills and medical treatment.

49. The Plaintiffs satisfy the typicality requirement. The course of conduct leading to their damages is the same for all putative class members.

50. This action satisfies the requisite measures for certification under Rule 23(b)(1).

51. A class action is the appropriate method for the fair and efficient adjudication of this controversy. The Defendants have acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for the Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

52. In the alternative, this action satisfies the requisite measures for certification under Rule 23(b)(3). There are common questions of law and fact which predominate over questions affecting individual members, and a class action is superior to other means to adjudicate the controversy.

53. Specifically, the predominant common questions applicable to all members

of the class are the same and predominate over any questions specific to individuals:

    a. Was the Defendants' reliance upon a paper review as a basis to deny or reduce PIP benefits in violation of the Kentucky MVRA?

    b. Was the Defendants' failure to file a court action in order to rebut the presumption of the reasonableness and/or relatedness of medical bills and treatment in violation of the Kentucky MVRA?

    c. Was the Defendants' failure to file a court action in order to rebut the presumption of the reasonableness and/or relatedness of medical bills and treatment a waiver of any of the Defendants' rights to contest the treatment and billing under the Kentucky MVRA?

    d. Do the Defendants, in addition to owing payment of overdue benefits, also owe interest at the rate of 18 percent pursuant to KRS 304.39-210?

    e. Do the Defendants, in addition to owing payment for overdue benefits, also owe attorney fees pursuant to KRS 304.39-220?

    f. Does the Kentucky Supreme Court opinion in *Government Employees Insurance Company v. Sanders*, 569 S.W.3d 923 (Ky. 2018) establish that, as a matter of law, Progressive's conduct in denying payment of PIP benefits on the basis of paper reviews was in violation of the MVRA?

54. An answer to these common questions will drive the resolution of the litigation class-wide.

55. A class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the claims asserted herein.

56. Plaintiffs are each adequate representatives of the classes.

57. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy.

58. It would be inefficient, impracticable, and undesirable for each member of the class who suffered harm to bring a separate action.

59. The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications.

60. This action can determine, with judicial economy, the rights of all class members.

61. The individual class members are ascertainable.

62. Plaintiffs and counsel do not anticipate any difficulties in the management of the action as a class action. Plaintiffs and counsel will fairly and adequately represent and protect the interests of the class. There are no disabling conflicts of interest that would be antagonistic to other members of the class. Plaintiffs seek no relief that is antagonistic or adverse to the members of the class and the infringement of the rights and the damages they have suffered are typical of other class members.

## **COUNT I: BREACH OF CONTRACT**

63. Plaintiffs incorporate and restate by reference all of the preceding allegations as though fully set forth herein.

64. Progressive, by and through its employees and agents, breached its contractual obligations owed to the Plaintiffs and the class when it failed to pay PIP benefits which were owed under policy contracts.

65. The Plaintiffs and the class are entitled to damages resultant from the

Defendants' failure to adhere to its contractual obligations.

## **COUNT II: FAILURE TO PAY PIP BENEFITS IN VIOLATION OF KRS 304.39**

66. Plaintiffs incorporate and restate by reference all of the preceding allegations as though fully set forth herein.

67. Plaintiffs and the class each qualified as insureds for purposes of PIP coverage benefits under Progressive policy contracts.

68. Pursuant to KRS 304.39, Progressive could not lawfully rely solely upon a paper review finding as a basis to deny the Plaintiffs and the class of payment of these PIP benefits.

69. The Plaintiffs and the class fall within the class of people which KRS 304.39 was enacted to protect.

70. KRS 304.39 was intended in part to prevent the conduct of Progressive.

71. By relying upon paper reviews as the basis to deny payment of the Plaintiffs' PIP benefits and the class' PIP benefits, Progressive was acting in violation of KRS 304.39.

72. Progressive's conduct in violating KRS 304.39 was and is, pursuant to KRS 446.070, negligent per se.

73. Progressive's failure to timely pay owed PIP benefits requires, pursuant to KRS 304.39-210(2), payment of interest.

74. Progressive's failure to timely pay owed PIP benefits was without reasonable foundation and thus warrants, pursuant to KRS 304.39-210(2), payment of 18 percent interest.

75. Progressive's failure to timely pay owed PIP benefits was without

13

reasonable foundation and thus warrants, pursuant to KRS 304.39-220, payment of reasonable attorney fees.

### COUNT III: REQUEST FOR DECLARATION OF RIGHTS AND DECLARATORY JUDGMENT

76. Plaintiffs incorporate and restate by reference all the preceding allegations as though fully set forth herein.

77. Pursuant to 28 U.S.C. §2201, an actual controversy exists under contracts of insurance and the Plaintiffs, as qualifying insureds under the contracts, may obtain a declaration of rights pursuant to 28 U.S.C. §2201 and declaratory judgment pursuant to Fed. R. Civ. Pro. 57.

78. The Plaintiffs are entitled to a declaratory judgment that Progressive's denial of PIP benefits on the basis of paper reviews:

   a. Was and is in violation of KRS 304.39, thereby mandating payment of all bills and other elements of loss which were reduced or denied;

   b. Mandates payment of interest at the rate of 18 percent on the overdue bills, pursuant to KRS 304.39-210(2); and

   c. Mandates payment of attorney fees pursuant to KRS 304.39-220.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, request relief as follows:

   a. An order certifying this case as a class action under Rule 23;

   b. Appointment of undersigned counsel as class counsel;

   c. Compensatory damages in an amount to be proven at trial;

   d. Statutory damages as provided for under KRS 304.39 and all other relevant

statutes;

e. Declaratory relief as sought herein;

f. Attorney fees;

g. Costs incurred;

h. Pre-judgment and post-judgment interest at the maximum rate allowed by law; and

i. Any and all such other legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues so triable.

Respectfully submitted,

**SAM AGUIAR INJURY LAWYERS, PLLC**

*/s/ Sam Aguiar*_____
Sam Aguiar
Jonathan B. Hollan
Miles Mussetter
1201 Story Avenue, Suite 301
Louisville, Kentucky 40206
Telephone: (502) 400-6969
Facsimile: (502) 491-3946
sam@kylawoffice.com
jhollan@kylawoffice.com
mmussetter@kylawoffice.com
*Counsel for Plaintiffs*

15