UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BETHANY BYRD et al.,     Plaintiffs,

v.     Civil Action No. 3:20-cv-119-DJH-CHL

PROGRESSIVE DIRECT INSURANCE CO.
et al.,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiffs Bethany Byrd, Sandra Vance, and Destiny Hicks assert that Defendants Progressive Direct Insurance Company, Progressive Casualty Insurance Company, and Progressive Paloverde Insurance Company improperly denied them personal injury protection (PIP) benefits. (Docket No. 20) Plaintiffs, both individually and as a putative class, filed this action against Defendants for breach of contract and failure to pay PIP benefits in violation of the Kentucky Motor Vehicle Reparations Act (MVRA); they also seek a declaratory judgment. (*Id.*, PageID # 474–76) Defendants have filed a partial motion to dismiss Plaintiffs' first amended complaint. (D.N. 26) Specifically, Progressive Direct moves to dismiss all claims asserted by Byrd; Progressive Casualty and Progressive Paloverde move to dismiss Vance and Hicks's claims for breach of contract, declaratory judgment, and 18% statutory interest and attorney fees under the MVRA; and Progressive Casualty additionally moves to dismiss Hicks's MVRA claim in its entirety. (*Id.*, PageID # 699–700) For the reasons set forth below, the Court will grant Defendants' motion in part.

1

**I.**

The Court "take[s] the facts only from the complaint, accepting them as true as [it] must do in reviewing a 12(b)(6) motion." *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 757 (6th Cir. 2020) (citing Fed R. Civ. P. 12(b)(6)). Byrd, Vance, and Hicks were all insured for PIP benefits: Byrd by Progressive Direct (D.N. 20, PageID # 467), Vance by Progressive Paloverde (*id.*, PageID # 468), and Hicks by Progressive Casualty. (*Id.*, PageID # 469) Each was injured in an auto accident and required subsequent medical treatment: Byrd in 2014 (*id.*, PageID # 467), Vance in 2016 (*id.*, PageID # 468), and Hicks in 2017. (*Id.*) Upon receiving Plaintiffs' claims, Defendants submitted each of their materials to a chiropractor for a paper review—no personal examination of the Plaintiffs was conducted. (*Id.*, PageID # 467–69) These reviewers "were biased." (*Id.*, PageID # 470) Although the reviewers "confirm[ed] the need" for "an independent medical examination," Defendants "would skip this step and instead simply withhold payment of the benefits." (*Id.*, PageID # 464–65) Based solely on these paper reviews, Defendants denied, in full or in part, Plaintiffs' PIP benefits.[1] (*Id.*, PageID # 467–69)

Plaintiffs assert that in failing to pay their PIP benefits in full, Defendants breached their contracts with Plaintiffs and violated the MVRA. (*Id.*, PageID # 474–75) Plaintiffs also seek a declaratory judgment that Defendants have waived the right to dispute Plaintiffs' claims; that Plaintiffs' claims are timely; that the Defendants' contracts with Plaintiffs are reformed; and that

---

[1] The amended complaint does not clarify how much of or to what extent each Plaintiff's claim was denied. (*See* D.N. 20, PageID # 467 ("Progressive Direct . . . has still not paid the benefits which were denied because of the paper review."); *id.*, PageID # 468 ("Progressive Paloverde . . . has still not paid [Vance's] benefits which were denied because of the paper review."); *id.*, PageID # 469 ("Progressive Casualty . . . did not timely pay the full amount of benefits owed on Hicks'[s] behalf."))

Defendants "past and continued non-payment of PIP benefits on the basis of paper reviews" lacked reasonable foundation and violated the MVRA. (*See id.*, PageID # 476–77)

## II.

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Factual allegations are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true. *Id.* A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the pleading requirements of Federal Rule of Civil Procedure Rule 8 and will not withstand a motion to dismiss. *Id.* at 679; *see* Fed. R. Civ. P. 8.

At the motion-to-dismiss stage, "the Court looks to the pleadings . . . the documents attached to them . . . documents referenced in the pleadings that are 'integral to the claims' . . . and documents that are not mentioned specifically but which govern the plaintiff's rights and are necessarily incorporated by reference." *Atlas Techs., LLC v. Levine*, 268 F. Supp. 3d 950, 958 (E.D. Mich. 2017) (internal citations omitted). Defendants have attached payment logs detailing partial payment of Byrd and Hicks's benefits (D.N. 26-2; D.N. 26-3), and Plaintiffs have not disputed the validity of the logs or the Court's consideration of them. (*See* D.N. 28, PageID # 764 (acknowledging that Progressive's last PIP payment to Hicks "was made on March 15, 2018" as reported in the log)) Since Byrd and Hicks's claims rest entirely on Defendants' alleged failure to

3

pay their PIP benefits, the logs govern their rights to recovery, "are necessarily incorporated by reference," and will be considered for purposes of the present motion. *See Atlas*, 268 F. Supp. 3d at 958.

**A.     Claims preempted by MVRA**

Defendants argue that the MVRA bars Plaintiffs' claims for breach of contract and declaratory judgment. (D.N. 26, PageID # 705–07)  The Kentucky Supreme Court has held that the MVRA "provides an exclusive remedy where an insurance company wrongfully delays or denies payment of no-fault [i.e., PIP] benefits." *Foster v. Ky. Farm Bureau Mut. Ins. Co.*, 189 S.W.3d 553, 557 (Ky. 2006).  "[The] MVRA is a comprehensive act which not only relates to certain tort remedies, but also establishes the terms under which insurers pay no-fault benefits, and provides for the penalties to which insurers are subjected if they fail to properly pay no-fault benefits." *Id.*  The principle set forth in *Foster*—that the MVRA provides the exclusive remedy when an insurance company denies payment of no-fault benefits—has "been followed in subsequent federal and state [cases]." *Sackos v. Geico Ins. Agency, Inc.*, No. 1:11CV-00072-JHM, 2011 WL 5975293, at *2 (W.D. Ky. Sept. 21, 2011) (collecting cases); *see also Risner v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 14-41-HRW, 2014 WL 5431284, at *2 (E.D. Ky. Oct. 23, 2014) (collecting cases) ("This principle is well established in Kentucky and this district.").

Plaintiffs argue that the MVRA "provides the 'exclusive remedy' for extracontractual damages" but that it does not preempt their claims for breach of contract because "[a] breach of contract claim is proper when the contract contains benefits, terms and conditions which are in addition to those required by the MVRA." (D.N. 28, PageID # 752–53)  But none of the case law

4

cited by Plaintiffs supports this contention.[2] And current case law contradicts it. *See Risner*, 2014 WL 5431284 at *2–3 (breach-of-contract claim that was "directly dependent on [defendant's] failure to pay basic reparation benefits" failed "as a matter of law because [the MVRA] provide[d] [p]laintiff's exclusive remedy"). Here, as in *Risner*, Plaintiffs' breach-of-contract claims rest on Defendants' denial of Plaintiffs' PIP benefits. (*See* D.N. 20, PageID # 475 ("The Defendants . . . breached contractual obligations owed to the Plaintiffs and the class when failing to timely and fully pay PIP benefits which were owed under policy contracts.")) Plaintiffs' breach-of-contract claims are therefore preempted by the MVRA and must be dismissed. *See Risner*, 2014 WL 5431284 at *2–3.

As for their declaratory-judgment claim, Plaintiffs argue that "the MVRA does not preclude actions for declaratory judgments" and that "[c]ourts within Kentucky, both state and federal, have been declaring the existence of justiciable controversies and the rights of parties under insurance contracts and the MVRA for decades." (D.N. 28, PageID # 755) But nearly all

---

[2] Plaintiffs first cite *Riggs* in support of their contention that "[t]he Kentucky Supreme Court has confirmed that actions for first-party insurance benefits are grounded in contract and that the insured's action against the insurer for first-party coverage is properly labeled a breach-of-contract action." (D.N. 28, PageID # 753 (citing *State Farm Mut. Auto. Ins. Co. v. Riggs*, 484 S.W.3d 724 (Ky. 2016))) *Riggs*—which addressed only the reasonableness of a limitation provision in the plaintiff's underinsured-motorist policy–does not support this broad statement. *See Riggs*, 484 S.W.3d at 725–27 ("[A]n insured's action against the UIM carrier is appropriately labeled a breach-of-contract action."). And even if it did, *Riggs* does not address MVRA preemption of no-fault benefit claims, the relevant issue here. Next, Plaintiffs cite *Couch* in support of their contention that "[t]he MVRA . . . provides the 'exclusive remedy' for extracontractual damages." (D.N. 28, PageID # 753 (citing *Couch v. Northland Ins. Co.*, No. CIV 06-330-REW, 2007 WL 1610185, at *1 (E.D. Ky. May 31, 2007)). But *Couch* held only that the MVRA bars claims for punitive damages under the Kentucky Unfair Claims Settlement Practice Act and did not address MVRA preemption of breach-of-contract claims. *See Couch*, 2007 WL 1610185 at *5. Finally, Plaintiffs cite *Sackos* as an example of a court in this district "permitting the breach of contract claim while dismissing the 'bad faith' claim." (D.N. 28, PageID # 753 (citing *Sackos*, 2011 WL 5975293) But in *Sackos*, the plaintiff's bad-faith claim was the only claim at issue, and the court thus had no opportunity to consider the breach-of-contract claim. *Sackos*, 2011 WL 5975293, at *1.

the cases cited by Plaintiffs predate *Foster*. (*See* D.N. 28, PageID # 755) And the one post-*Foster* case Plaintiffs cite—which appears to be the only case to have discussed declaratory judgments since *Foster* was decided—is inapposite because there, as Defendants point out (*see* D.N. 26, PageID # 711), the insurer brought the declaratory-judgment claim. (D.N. 28, PageID # 755 (citing *State Farm Mut. Auto. Ins. Co. v. Adams*, 526 S.W.3d 63, 65 (Ky. 2017)) Because Plaintiffs' "lawsuit is directly dependent on [Defendants'] failure to pay [no-fault] benefits . . . there is no cause of action for damages beyond a violation of [the MVRA]," and Plaintiffs' claims for declaratory judgment will be dismissed.[3] *Risner*, 2014 WL 5431284, at *2.

**B.    MVRA Claims**

    **1.    Interest and Attorney Fees**

Defendants argue that Plaintiffs' MVRA claims for 18% interest on their unpaid benefits and attorney fees should be dismissed because Defendants "had a 'reasonable basis' to not pay PIP benefits." (D.N. 26, PageID # 715) The MVRA provides that injured parties may recover attorney fees and an 18% interest rate on their overdue payments if the insurer's "denial was made 'without reasonable foundation.'" *Risner v. State Farm Mut. Auto. Ins. Co.*, No. CIV.A. 14-41-HRW, 2015 WL 3857092, at *3 (E.D. Ky. June 22, 2015); *see* Ky. Rev. Stat. §§ 304.39-210, 304.39-220. "A reasonable foundation for [denial] is defined as either the 'assertion of a legitimate and bona fide defense by the reparation obligor' or . . . failure of the claimant to supply the obligor with

---

[3] Defendants alternatively moved to dismiss Plaintiffs' declaratory-judgment claims for lack of standing. (*See* D.N. 26, PageID 718–20) "A federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)); *see LaSala v. UBS, AG*, 510 F. Supp. 2d 213, 221 (S.D.N.Y. 2007) (citing *Sinochem*, 549 U.S. at 431) (holding that "a preemption defense . . . [is] one of a number of preliminary grounds for dismissal, among which a judge has discretion to choose when deciding whether to dismiss a case"). Having found Plaintiffs' declaratory-judgment claims preempted by the MVRA, the Court need not consider the issue of standing.

reasonable proof of loss in a timely fashion." *Risner*, 2015 WL 3857092, at *3 (quoting *Auto. Club Ins. Co. v. Lainhart*, 609 S.W.2d 692, 695 (Ky. Ct. App. 1980)).

In 2018, the Kentucky Supreme Court held for the first time that insurers could not deny PIP benefits based solely on paper reviews. *Gov't Emps. Ins. Co. v. Sanders*, 569 S.W.3d 923, 931 (Ky. 2018). Defendants argue that they had a reasonable foundation to deny Plaintiffs' claims because "[a]t the time Defendants initially denied all of Plaintiffs' PIP benefits, the *Sanders* ruling had not yet been issued." (D.N. 26, PageID # 717) In support, Defendants cite a recent case from this district in which the Court dismissed MVRA claims for 18% interest and attorney fees against an insurer who denied the plaintiffs' benefits based on paper reviews, pre-*Sanders*. (D.N. 26, PageID # 715 (citing *Irvin v. State Farm Mut. Auto Ins. Co.*, 2020 WL 4004808, at *8 (W.D. Ky. 2020)))[4] In *Irvin*, the Court noted that prior to *Sanders*, "neither the Kentucky Court of Appeals nor the Kentucky Supreme Court had addressed whether paper review denials were allowable under the MVRA," and in at least two instances, "courts [had] held that a paper review was a legitimate bona fide defense for denying benefits." *Irvin*, 2020 WL 4004808, at *7. Moreover, "numerous Kentucky Court of Appeals and Kentucky Supreme Court cases involved insurers utilizing paper reviews with no indication that the practice violated the MVRA." *Id.* The *Irvin* decision also noted that "the Kentucky Supreme Court's reasoning in *Sanders* support[ed] finding that [the insurer] had a reasonable foundation for its paper review practice." *Id.* at *8. For these reasons, the Court held that the insurer had a "reasonable foundation to deny claims" based on paper reviews before the *Sanders* decision. *Id.*

The Court finds the thorough reasoning in *Irvin* persuasive and applicable here. *See also Hack v. State Farm Fire & Cas. Ins. Co.*, No. 3:20-CV-134-CRS, 2020 WL 4803284, at *4 (W.D.

---

[4] The decision is currently on appeal to the Sixth Circuit.

Ky. Aug. 18, 2020) (finding *Irvin*'s "reasoning compelling and applicable to the identical claims and arguments presented here"). Although Plaintiffs attempt to distinguish *Irvin* based on the fact that the insurer in *Irvin* made remedial efforts for its post-*Sanders* denials whereas Defendants here have "made no such remedial efforts" (D.N. 28, PageID # 768), this distinction has no impact on *Irvin*'s holding. But the Court agrees with Plaintiffs that *Irvin*'s holding "does not affect the remedies due following *Sanders*." (*Id.*) Accordingly, for the reasons set forth in *Irvin*, the Court will grant Defendants' motion to dismiss Plaintiffs' claim for 18% interest and attorney fees, but only as to those damages accrued prior to *Sanders*.

### 2. Statute of Limitations

Defendants argue that Byrd and Hicks's MVRA claims are barred by the statute of limitations. (D.N. 26, PageID # 711) Under the MVRA, "if reparation benefits, such as PIP payments, have been paid, an action for further benefits 'may be commenced not later than two (2) years after the last payment of benefits." *Wilder v. Noonchester*, 113 S.W.3d 189, 190 (Ky. Ct. App. 2003) (quoting Ky. Rev. Stat. § 304.39-230). Defendants have submitted pay logs showing that the last payment Progressive Direct made on Byrd's claim was issued August 13, 2015 (*see* D.N. 26-1, PageID # 724); and the last payment that Progressive Casualty made on Hicks's claim was issued March 15, 2018. (*See* D.N. 26-2, PageID # 732) Since Byrd filed her complaint on February 12, 2020 (*see* D.N. 1), and Hicks was added as a party in the amended complaint filed June 3, 2020 (*see* D.N. 20), Defendants argue that both Byrd and Hicks missed their respective two-year filing windows. (*See* D.N. 26, PageID # 714)

### a.      2019 Accrual

Plaintiffs raise a number of arguments as to why the two-year limitations period has not run.[5] Plaintiffs assert that "at the earliest, the claims accrued in April 2019" because Plaintiffs did not have "any way to know [that Defendants' conduct in denying benefits was unlawful] until *Sanders* was published." (D.N. 28, PageID # 759–60)  But "[l]ack of knowledge of one's rights is insufficient to prevent operation of statutes of limitation." *Wilson v. Paine*, 288 S.W.3d 284, 286 (Ky. 2009) (citing *Wilcox v. Sams*, 281 S.W. 832 (1926)).  The "discovery rule," a limited exception, applies "only in cases where the fact of injury or offending instrumentality is not immediately evident or discoverable with the exercise of reasonable diligence." *Hack*, 2020 WL 4803284, at *3 (citing *Fluke Corp. v. LeMaster*, 306 S.W.3d 55, 61 (Ky. 2010)).  Here, "none of those circumstances are present" because "[t]he alleged injury in this case occurred when [Defendants] partially denied Plaintiffs' benefits." *Id.* (rejecting plaintiffs' contention "that they only discovered the breach of contract once the Kentucky Supreme Court published *Sanders*").

### b.      Equitable Estoppel

Plaintiffs also argue that Defendants are "equitably estopped from asserting a limitations defense" because they "engag[ed] in false representations or concealment." (*Id.*, PageID # 761) "[E]stoppel may arise to prevent a party from relying on a statute of limitations by virtue of a false representation or fraudulent concealment." *Williams v. Hawkins*, 594 S.W.3d 189, 196 (Ky. 2020) (quoting *Munday v. Mayfair Diagnostic Lab.*, 831 S.W.2d 912, 914 (Ky. 1992)).  "Under Kentucky law, equitable estoppel requires both a material misrepresentation by one party and reliance by the other party," and its "essential elements" are "(1) conduct which amounts to a false

---

[5] Since the Court will dismiss Plaintiffs' breach-of-contract and declaratory-judgment claims, the Court considers only those of Plaintiffs' arguments that apply to their MVRA claims.

representation or concealment of material facts . . . (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) knowledge, actual or constructive, of the real facts." *Id.* (quoting *Fluke Corp.*, 306 S.W.3d at 62). "[A]s related to the party claiming the estoppel, the essential elements are (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements . . . and (3) action or inaction based thereon . . . to [the party's] injury, detriment, or prejudice." *Id.*

Plaintiffs identify the following alleged misrepresentations and concealments: (1) Defendants "misrepresented to [their] Kentucky insureds that the company was lawfully permitted to deny PIP benefits on the sole basis of paper reviews;" (2) Defendants "concealed from [their] insureds" that it disregarded its own reviewers' recommendations; and (3) Defendants "concealed from its insureds that [Defendants sought] paper reviews" from an allegedly biased group of reviewers. (D.N. 28, PageID # 762)  Plaintiffs do not explain how the second and third relate to material facts.  As for the first, this was not a misrepresentation until the *Sanders* decision was issued, because as previously discussed, prior to that decision the law did not prohibit insurers from denying claims based on paper reviews.  And to the extent that Defendants made this assertion after *Sanders*, Plaintiffs did not lack "the means of knowledge of the truth," as they acknowledge in other portions of their response.  *Williams*, 594 S.W.3d at 196 (quoting *Fluke Corp.*, 306 S.W.3d at 62)); (*see* D.N. 28, PageID # 763 ("[T]he insureds were not made aware of the misrepresentation until, at the earliest, *Sanders* was published.")).  Moreover, Plaintiffs do not explain how they relied upon any of the alleged misrepresentations or concealments aside from claiming that "[t]housands of Progressive insureds detrimentally relied upon all of these concealments and misrepresentations." (D.N. 28, PageID # 762; *see* D.N. 20, PageID # 470

10

("[Reasonable reliance . . . is readily evidenced by the fact that thousands of affected Progressive Kentucky insureds did not file lawsuits against Progressive for the benefits."). These "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to adequately allege equitable estoppel. *Ashcroft*, 556 U.S. at 678.

### c. Equitable Tolling

Plaintiffs further argue that the statute of limitations should be equitably tolled. (D.N. 28, PageID # 760 ("Tolling of the statute of limitations is the equitable resolution.")) "In order to establish that equitable tolling is warranted, [Plaintiffs] bear[] the burden of showing that: (1) [they] 'had been pursuing [their] rights diligently, and (2) that some extraordinary circumstance stood in [their] way.'" *Williams*, 594 S.W.3d at 194 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Plaintiffs have not adequately alleged that they diligently pursued their rights, as they offer no explanation as to why they did not pursue legal remedies when Defendants ceased paying Byrd and Hicks their benefits in 2015 and 2018, respectively. As for extraordinary circumstances, Plaintiffs' equitable-tolling argument seems to rest on the same alleged misrepresentations and concealments as their equitable-estoppel argument. (*See* D.N. 28, PageID # 760–62) But Defendants' alleged representations that they were "lawfully permitted to deny PIP benefits on the sole basis of paper reviews" (D.N. 28, PageID # 762) does not constitute an "extraordinary circumstance" because, again, prior to *Sanders* the law did not prohibit this, and post-*Sanders* Plaintiffs had access to this information.[6] Nor do Defendants' alleged concealments as to their selection of reviewers or use of the reviewers' recommendations rise to the level of extraordinary

---

[6] Plaintiffs also argue that "Progressive's failure to adhere to fiduciary obligations supports the case for tolling" (D.N. 28, PageID # 764), asserting that estoppel applies when fiduciaries prevent plaintiffs "from discovering and asserting a right before the statute had run." (*Id.* (quoting *Strode v. Spoden*, 284 S.W.2d 663, 665 (Ky. 1955))) But this argument fails for the reason articulated above—Defendants did not prevent Plaintiffs from discovering the post-*Sanders* change in law.

11

circumstances, and even if they did, Plaintiffs have not explained how the alleged concealments "stood in [the] way" of them pursuing their rights. *Williams*, 594 S.W.3d at 194 (quoting *Pace*, 544 U.S. at 418).

### d.     Remaining Arguments

Plaintiffs additionally argue that Progressive Direct violated a Kentucky regulation requiring insurers to provide written notifications to unrepresented first-party claimants when it allegedly did not provide such information to Byrd, who "was unrepresented by counsel following August of 2015." (D.N. 28, PageID # 763)  But this argument fails because the amended complaint "is devoid of any factual allegations" regarding Byrd's representation, and "new dates or facts in [a] response cannot remedy a pleading deficiency." *Montesi v. Nationwide Mut. Ins. Co.*, 970 F. Supp. 2d 784, 792 (W.D. Tenn. 2013) (citing *Watson v. Tenn. Dept. of Corr.*, No. 11–2009–STA, 2012 WL 423427, at *2 (W.D. Tenn. Feb. 8, 2012)).

Finally, Plaintiffs argue that Hicks's claim is not time-barred because "[t]his is a putative class action which was filed in February [2020]" and therefore the filing tolled the statute of limitations "for all persons encompassed by the class complaint." (D.N. 28, PageID # 765 (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974))  "The [Supreme] Court held in *American Pipe* that the timely filing of a class action tolls the applicable statute of limitations for all persons encompassed by the class complaint." *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018). Although Defendants argue that *American Pipe* does not apply here because Hicks did not file a motion to intervene (D.N. 29, PageID # 784), "[t]he [*American Pipe*] rule is not dependent on intervening in or joining an existing suit." *China Agritech*, 138 S. Ct. at 1804.  Defendants' argument that a subsequent Supreme Court decision, *China Agritech*, "specifically bars . . . [Hicks's] class tolling arguments here" also falls flat, as *China Agritech*'s rule applies

12

only in a narrow situation, not present here.[7] (D.N. 29, PageID # 784); *see China Agritech*, 138 S. Ct. at 1804 (holding that upon denial of class certification, a putative class member may not "in lieu of promptly joining an existing suit or promptly filing an individual action, commence a class action anew beyond the time allowed by the applicable statute of limitations"). "*American Pipe* tolls the statute of limitations during the pendency of a putative class action, allowing unnamed class members to join the action individually or file individual claims if the class fails." *China Agritech*, 138 S. Ct. at 1804. The February 2020 filing of this action thus tolled the statute of limitations on Hicks's MVRA claim, and that claim will not be dismissed.

## III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendants' motion to dismiss (D.N. 26) is **GRANTED** as to Plaintiffs' breach-of-contract and declaratory-judgment claims (Counts I and III), Byrd's MVRA claim (Count II), and Vance and Hicks's MVRA claims for 18% interest and attorney fees for damages accrued prior to the *Sanders* decision (Count II). Those claims are **DISMISSED**. Defendants' motion is **DENIED** as to Vance and Hicks's MVRA claims for 18% interest and attorney fees for damages accrued post-*Sanders* and Hicks's remaining MVRA claim (Count II).

---

[7] Defendants further argue that the reasoning in *China Agritech* "applies to reject class tolling on [Hicks's] claims" because "she is attempting to join this class action suit as a named class representative through an amended complaint after the statute of limitations had expired on her own claims." (D.N. 29, PageID # 784) Although neither the Sixth Circuit nor any court in this district has considered *China Agritech*, the Seventh Circuit recently rejected a similar argument. *See In re Allstate Corp. Sec. Litig.*, 966 F.3d 595, 615 (7th Cir. 2020) ("[Defendant] would read *China Agritech* . . . to prohibit any addition or substitution of a new class representative within the original class action after the statute of limitations period would have run, but for *American Pipe* tolling. We see no hint in the *China Agritech* opinion or its reasoning that would support this proposed extension.").

This matter is referred back to Magistrate Judge Colin H. Lindsay, to conduct a status conference to develop a final litigation schedule with respect to the remaining claims. The final schedule shall include a settlement conference.

March 31, 2021

David J. Hale, Judge
United States District Court